IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

C.H., as the parent of R.H., a minor child,

       Plaintiff,

vs.                                                                        No. CIV 11-0271 JB/LAM

LOS LUNAS SCHOOLS BOARD
OF EDUCATION, BERNARD SAIZ,
MARIO ZUNIGA, KELLY LEE and
RANCE HALL, GERALD SANCHEZ,
MICHAEL CARROLL, JAMES ROMERO,

       Defendants.

**ORDER**[1]

**THIS MATTER** comes before the Court on the Los Lunas Schools Board of Education's Motion for Summary Judgment as to Plaintiff's Title IX Claims, filed May 29, 2012 (Doc. 60)("Title IX MSJ"). The Court held a hearing on July 13, 2012. The primary issues are whether: (i) Defendant Los Lunas Schools Board of Education ("School Board") acted with deliberate indifference to R.H.'s allegations of student-on-student sexual harassment in violation of Title IX of the Education Amendments, 20 U.S.C. § 1681 ("Title IX"); and (ii) whether the School Board retaliated against R.H. after he reported the abuse he suffered by disclosing his complaints and failing to maintain his anonymity. The Court will grant in part and deny in part the Title IX MSJ.

The United States Court of Appeals for the Tenth Circuit has held:

> A school recipient of federal funds may be liable under Title IX for its own conduct in being deliberately indifferent to student-on-student sexual harassment. A school district may be liable under Title IX provided it (1) has actual knowledge of, and (2) is deliberately indifferent to, (3) harassment that is so severe, pervasive and

---

[1]This Order disposes of the motion at issue. The Court will, however, at a later date issue an opinion more fully detailing its rationale for this decision.

    objectively offensive as to (4) deprive access to the educational benefits or opportunities provided by the school.

Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist., 511 F.3d 1114, 1119 (10th Cir. 2008). The Court finds that Plaintiff C.H. has failed to establish at least the second element of this four-factor test. By establishing revising the anti-hazing policy after the hazing involving the Las Vegas, New Mexico football team occurred in 2008, the Court cannot say that the School Board was deliberately indifferent to the risk of hazing. All of the policies in the Los Lunas Schools, including the hazing policy were revised in 2008 and the School Board adopted them in November 2008. See Deposition of Dana Sanders at 62:1-9 (April 26, 2012), filed May 29, 2012 (Doc. 61-8). The school administration provided the anti-hazing policy to all coaches, athletic coordinators, and student athletes for their review. See Sanders Depo. at 63:1-7. Furthermore, the School Board took swift action when informed of the alleged assault on R.H. and instituted an investigation. See Sanders Depo. at 16:9-21; Deposition of Desi Garcia at 13:24-16:17, 22:17-26:17 (April 17, 2012), filed May 29, 2012 (Doc. 61-9). Deliberate indifference occurs when a funding recipient "subjects" students to harassment or, "at a minimum, causes students to undergo harassment or makes them liable or vulnerable to it." Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 630 (1999). The Tenth Circuit has held that "attempted remedial measures suggest the district was not deliberately indifferent to or tacitly approving of the misconduct." Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist., 511 F.3d at 1125. The School Board had in place an anti-hazing policy and, when confronted with allegations of hazing, acted swiftly to investigate. Like the defendants in Schaefer v. Las Cruces Public School District, 716 F.Supp.2d 1052 (D.N.M. 2010)(Browning, J.), the "action these Defendants took, while it might be insufficient under state-law tort principles, undermines the inference that the Defendants were deliberately indifferent, or that they 'actually

knew of and acquiesced in' the assaults committed by other students." 716 F.Supp.2d at 1078.  The Court finds that the School Board was not deliberately indifferent to R.H.'s allegations and, accordingly, the Court will grant the Title IX MSJ with respect to the Title IX sexual harassment claim.

In the Plaintiff's Response to Defendant's Motion for Summary Judgment at to Plaintiff's Title IX Claim, filed June 22, 2012 (Doc. 67)("Response"), C.H. asserts that she also has a Title IX retaliation claim and that "Coach Lee actually took an affirmative action that caused the retaliation against R.H."  Response at 8-9.  "Retaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action."  Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 174 (2005).  A plaintiff may "rely on the three-part framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 . . . (1973), to prove retaliation indirectly."  Berry v. Mission Grp. Kan., Inc., 463 F.App'x 759, 766 (10th Cir. 2012)(unpublished). To assert establish a prima facie case for retaliation, a plaintiff must plead "(1) protected activity by the plaintiff; (2) knowledge by the defendant of the protected activity; (3) adverse school-related action; and (4) a causal connection between the protected activity and the adverse action."  Papelino v. Albany Coll. Of Pharmacy of Union Univ., 633 F.3d 81, 91 (2d Cir. 2011).  See Emeldi v. Univ. of Or., 673 F.3d 1218, 1223 (9th Cir. 2012).  In the context of claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), the Supreme Court of the United States has held that an action is materially adverse when "a reasonable [person] would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable [person] from making or supporting a charge of discrimination."  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Defendant Kelley Lee was a teacher, the head football coach, and Valencia High School's

athletic coordinator, meaning he was in charge of the other Valencia High School coaches. See Response at 6; Lee Depo. at 38:3-39:20. Lee did not believe anything occurred with R.H., as the locker room was well supervised. See Sanders Depo. at 24:2-6. Lee disclosed R.H.'s allegations to one of his assistant coaches, the father of one of the alleged perpetrators. See Deposition of Kelley Lee at 77:6-79:1 (March 12, 2012), filed June 22, 2012 (Doc. 67-2). The School Board disciplined Lee for this disclosure, finding that: (i) he had violated School Board policy; (ii) he had been directed not to discuss the investigation into R.H.'s allegations with anyone; (iii) he had admitted discussing the investigation with the coaching staff, who are parents of potential suspects; (iv) he had "hindered and jeopardized the integrity of the district's investigation and subsequently jeopardized a student's safety"; and (v) because of his disclosure "this student suffered retaliation." Letter from Wilson Holland, Director of Athletics, to Kelley Lee (dated February 17, 2011), filed July 13, 2012 (Doc. 75)("Letter").[2] The Court finds that this evidence is sufficient to establish a prima facie case for Title IX retaliation, because: (i) R.H., in reporting his abuse to the school, engaged in protected activity; (ii) the School Board's investigation and response, and Lee's involvement in such an investigation, demonstrate knowledge of that protected activity; (iii) Lee's disclosure of information regarding R.H. to his coaching staff was a materially adverse school-related action and the School Board admits the disclosure jeopardized R.H.'s safety; and (iv) the temporal proximity between the report, on November 9, 2010, and the disclosure, on November 9, 2010, demonstrates a causal connection. Furthermore, Lee, as an athletic coordinator, was someone

---

[2]It may be that the Letter is a subsequent remedial measure subject to rule 407 of the Federal Rules of Evidence and whether the Letter qualifies under that rule may be an issue at trial. See Fed. R. Evid. 407. The School Board did not, however, object to the Letter either in its briefing or at the hearing. Because no party has objected to the Letter and because both parties may want the Court to consider it, the Court will consider the Letter for the purposes of determining whether it should grant summary judgment.

who had the power to address the sexual harassment and to institute corrective measures, such that his actions bear on Title IX liability. See J.M. ex rel. Morris v. Hilldale Indep. Sch. Dist. No. 1-29, 397 F.App'x 445, 450 (10th Cir. 2010)(unpublished)("A damages remedy, however, will not lie under Title IX 'unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge . . . .'"); Lee Depo. at 39:11-20 ("Well, as athletic coordinator we had like a athletic retreat and I would reiterate to all the staff and other head coaches the importance of it. And then with my own program I would set up like a locker room supervision plan . . . ."). Accordingly, the Court finds that C.H. has established a prima facie Title IX retaliation case.

"Once a plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the defendant to articulate some legitimate nondiscriminatory reason for its decision." Lee v. Univ. of Colo., 313 F.App'x 171, 177 (10th Cir. 2009). At the hearing, the School Board conceded that Lee may have been negligent in disclosing R.H.'s allegations to his coaching staff. See Transcript of Hearing at 23:21-24 (July 13, 2012)(Walz).[3] The School Board does not, however, otherwise offer an explanation for Lee's actions. The Court thus finds that the School Board has failed to establish a legitimate, non-discriminatory reason for the disclosure. Because the School Board has offered no legitimate, non-discriminatory reason for Lee's actions, summary judgment is inappropriate under the McDonnell-Douglas v. Green framework. See Tysinger v. Police Dept. of City of Zanesville, 463 F.3d 569, 583 n.1 (6th Cir. 2006). Accordingly, the Court will deny the Title IX MSJ with respect to the Title IX retaliation claim.

**IT IS ORDERED** that the Los Lunas Schools Board of Education's Motion for Summary

---

[3]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Judgment as to Plaintiff's Title IX Claims, filed May 29, 2012 (Doc. 60), is granted in part and denied in part.  Judgment is entered for Defendant Los Lunas Schools Board of Education on the Title IX harassment claim, and the motion for summary judgment is denied with respect to the retaliation claim.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

*Counsel*:

Sam Bregman
Eric Loman
The Bregman Law Firm, P.C.
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Jerry A. Walz
Alfred Creecy
Walz and Associates
Albuquerque, New Mexico

       *Attorneys for Defendants Los Lunas Schools Board of Education, Bernard Saiz, and
          Maris Zuniga*

Henry F. Narvarez
Martin R. Esquivel
Narvaez Law Firm, PA
Albuquerque, New Mexico

       *Attorneys for Defendants Kelly Lee, Rance Hall, Gerald Sanchez, Michael Carroll,
          and James Romero*